# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN M. MILLER,

    Defendant.

Case No. 25-03167-01-CR-S-SRB

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

    **1.**     **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri ("the Government") and John M. Miller ("the defendant"), represented by Michael Oliver. The defendant understands and agrees that this plea agreement is only between the defendant and the Government and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified.

    **2.**     **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the superseding information that charges the defendant with violating 21 U.S.C. § 841(a)(1) and (b)(1)(B), that is, possession with intent to distribute 5 grams or more of methamphetamine (actual). The defendant agrees to plead guilty to Count 2 of the superseding information that charges the defendant with violating 18 U.S.C. § 922(g)(1), that is, felon in possession of a firearm. By entering into this plea agreement, the defendant admits to committing these offenses and to being guilty of these offenses.

    **3.**     **Statutory Penalties.** The defendant understands Count 1 of the superseding information carries a mandatory-minimum sentence of 5 years' imprisonment and the following

maximum penalties: not more than 40 years' imprisonment, not less than 4 years' supervised release, a fine of not more than $5,000,000 and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class B felony.

The defendant understands Count 2 of the superseding information carries the following maximum penalties: not more than 15 years' imprisonment, not more than 3 years' supervised release, a fine of not more than $250,000 and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

4. **Factual Basis for Guilty Plea.** The parties stipulate that the following facts are true and establish both a factual basis for the defendant's guilty plea and the defendant's guilt beyond a reasonable doubt:

On August 27, 2025, an Ozark, Missouri, Police Department ("OPD") sergeant conducted a traffic stop on silver Chrysler Pacifica, at US Highway 65 and Jackson Street, Christian County, Western District of Missouri after observing the vehicle roll through a stop sign. The sergeant made contact with the driver, Tiffany Hardin, and her passenger, John MILLER.

A Christian County, Missouri, Sheriff's Office deputy assisted the sergeant with the stop and observed a firearm in plain view in the driver's door of the vehicle. Both Hardin and MILLER were asked to step out of the vehicle and detained. MILLER admitted that he was a felon.

During the traffic stop, a police K9 was deployed and indicated on the vehicle. The sergeant conducted a probable cause search of the vehicle. The firearm in Hardin's door pocket was determined to be a stolen, loaded Springfield Hellcat pistol. The sergeant located a black baggie on the passenger side floorboard where MILLER had been sitting. Inside the bag, there was approximately 28 grams of methamphetamine, two pipes, and one scale. Under the dash near the center console on the passenger side, only accessible by MILLER, the sergeant located a loaded Century Arms pistol.

The OPD officer located a small pink hard case in the rear seat floorboard area. Inside the case, the officer found approximately 20 clear plastic baggies, indicative of intent to distribute as they are used to sell smaller amounts to customers.

On August 29, 2025, a Federal Bureau of Investigation ("FBI") Task Force Officer ("TFO")

examined the firearms seized from Hardin and MILLER. He determined that the firearm found under the dash as a Century Arms Canik pistol. He test-fired the Canik firearm and determined that it functioned as designed.

On September 11, 2025, a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent ("SA") examined photographs of the firearms seized from MILLER on August 27, 2025. He identified the firearm as:

- A Canik, model TP9SFx, 9mm caliber pistol, bearing serial number 21BC56773.

The SA determined that the firearm had been reported stolen. Further, the SA determined if the firearm was received and/or possessed in the State of Missouri, it traveled in or affected interstate and/or foreign commerce.

The FBI TFO accessed the jail calls for MILLER and found a conversation regarding the traffic stop that occurred on September 10, 2025. MILLER and Hardin began discussing the sale of "weed" and how no one wants to buy or talk to them anymore. Approximately 5 minutes and 44 seconds into the phone call they appeared to discuss the traffic stop, the following conversation took place:

- Hardin - Was that one we had with us, was it a 10? (Unknown Statement)
- MILLER - No. The one I got popped with?
- Hardin - Mmhmm.
- MILLER - No, it's a 9.
- Hardin - Oh, I didn't know for sure.
- MILLER - It just held a bunch.
- Hardin - I just wasn't sure. Ryan was saying some stupid shit. That's all.
- MILLER - Oh, no. The one before was a 10 mil.
- Hardin - Yeah, that's right.
- MILLER - Yeah, that ol girl got.
- Hardin - Yeah, that's right.

The Canik firearm located on MILLER's side of the vehicle was a 9mm with a 20-round capacity magazine, consistent with MILLER's statements during MILLER's jail phone call on September 10, 2025

On October 17, 2025, a Missouri State Highway Patrol Criminalist issued a report regarding her testing of the suspected controlled substances seized on August 27, 2025. The criminalist determined that the crystalline substance weight 27.23 grams and contained methamphetamine, a Schedule II controlled substance. MILLER admits that the methamphetamine contained at least 5 grams or more of actual methamphetamine but less than 20 grams of actual methamphetamine.

MILLER had previously been convicted of a crime punishable by a term of imprisonment exceeding on year. Specifically, on or about February 21, 2019, MILLER had been convicted of the felonies of burglary in the second degree and possession of a controlled substance in the Circuit Court of Dallas County, Missouri, in Case No. 18DA-CR00216-01. Further, MILLER

admits that when he possessed the Canik piston on August 27, 2025, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

5.  **Use of Factual Admissions and Relevant Conduct.** The defendant understands and agrees that the facts contained in ¶ 4 and other portions of this plea agreement, as well as admissions the defendant makes during the change of plea hearing, will be used to determine the defendant's guilt and the defendant's advisory sentencing range under the United States Sentencing Guidelines. The defendant likewise understands and agrees that the conduct charged in any dismissed counts of the indictment and all other uncharged related criminal activity may be considered as "relevant conduct" for purposes of calculating the defendant's advisory sentencing range under the Guidelines.

The defendant further understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under those rules and agrees that any such statements, as well as the facts contained in ¶ 4 and other portions of this plea agreement, may be used against the defendant at any time and in any proceeding should the defendant withdraw from this plea agreement.

6.  **Sentencing Procedures.** The defendant understands that in determining the appropriate sentence, the Court may impose any sentence authorized by law. While the Court must consider the United States Sentencing Guidelines, the Guidelines are advisory and do not bind the Court. The Court will determine the defendant's advisory sentencing range under the Guidelines at sentencing, but the Court may impose a sentence either above or below that range, so long as that sentence is reasonable.

The defendant further understands that the Court will find facts by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the defendant's advisory sentencing range under the Guidelines. The defendant waives any right to a jury finding beyond a reasonable doubt of all facts used to determine the sentence imposed and waives any right to have those facts alleged in an indictment. The defendant also understands that in finding the facts relevant to the imposition of the defendant's sentence, the Court may consider any reliable information, including hearsay, and that the Court will not be bound by any recommendation regarding the application of the Guidelines or the sentence to be imposed made by the United States Probation Office or the parties.

The defendant likewise understands that any term of imprisonment the Court may impose will not allow for parole and that in addition to a term of imprisonment the Court may impose a term of supervised release. The defendant further understands that a violation of a condition of supervised release could result in the Court imposing an additional term of imprisonment as well as an additional term of supervised release to follow, both subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the Government agrees not to pursue any additional charges against the defendant for any federal criminal offenses related to possession with intent to distribute 5 grams or more of methamphetamine (actual) or felon in possession of a firearm for which it has venue and that arose out of the defendant's conduct described above in ¶ 4. Additionally, the Government agrees to dismiss the original indictment returned on October 28, 2025, as it pertains to the defendant.

The defendant understands that this plea agreement does not foreclose any prosecution for murder or attempted murder; physical or sexual violence; aiding and abetting, attempting, soliciting, or conspiracy to commit murder or physical or sexual violence; and any criminal activity currently unknown to the Government.

8. **Preparation of Presentence Report.** The defendant understands and agrees the Government will provide the Court and the United States Probation Office a version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant will plead guilty. The Government may respond to comments made or positions taken by the defendant or the defendant's counsel and may correct any misstatements or inaccuracies.

9. **Withdrawal of Plea.** Except for change of plea hearings before a United States Magistrate Judge, either party reserves the right to withdraw from this plea agreement at any time prior to the United States District Judge formally accepting the defendant's pleas of guilty. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible.

If the defendant waives the right to plead guilty before a District Judge and consents to plead guilty before a United States Magistrate Judge, then the parties' rights to withdraw from this plea agreement for any reason terminate upon the Magistrate Judge's completion of the change of plea hearing with a recommendation that the guilty plea be accepted.

After the District Judge accepts the defendant's guilty plea or the Magistrate Judge completes the change of plea hearing, the defendant may withdraw the plea only if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if

the Court accepts the plea, the defendant may not withdraw the pleas solely because of the nature or length of the sentence imposed, including if the Court imposes a sentence that is outside the defendant's advisory sentencing range under the United States Sentencing Guidelines or a sentence that the defendant does not expect, like, or agree with.

10. **Agreed Guidelines Applications.** With respect to the application of the United States Sentencing Guidelines to this case, the parties stipulate and agree as follows:

> a. The applicable Guidelines section for the offense of conviction in Count 1 is U.S.S.G. § 2D1.1. The applicable Guidelines section for the offense of conviction in Count 2 is U.S.S.G. § 2K2.1.
>
> b. The defendant has admitted guilt and clearly accepted responsibility for the defendant's actions, entitling the defendant to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a). In addition, the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Consequently, if the Court finds the defendant's total offense level to be 16 or higher, the defendant is entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). This plea agreement constitutes the Government's written motion with the Court for that reduction. This motion will be withdrawn, and the Government will be free to withdraw its recommendation that the defendant receive any reduction for acceptance if, after entering into this plea agreement, the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and the defendant's pretrial release, (2) attempts to withdraw the defendant's guilty pleas, (3) violates the law, or (4) otherwise engages in conduct inconsistent with the defendant's acceptance of responsibility as described in U.S.S.G. § 3E1.1 and its commentary.
>
> c. The parties have not reached an agreement regarding the defendant's criminal history category. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence report prepared by the United States Probation Office. The parties reserve the right to contest that determination.
>
> d. The parties agree not to seek any departure from or recommend a sentence outside of the defendant's advisory sentencing range under the Guidelines. This agreement restricting the parties' sentencing recommendations, however, does not bind the Court or the United States Probation Office, and the Court may impose any sentence authorized by law.

e. The parties acknowledge and agree that there are no agreements between the parties with respect to any Guidelines issues other than those specifically listed in this paragraph, including its subparagraphs. As to any other Guidelines issues, the parties are free to advocate their respective positions before the Court.

11.     **Government's Reservation of Rights.** The Government reserves the right to comment on the evidence supporting the offense conduct in this case and the right to oppose any position advanced by the defendant at sentencing that might be inconsistent with this plea agreement. The Government also reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The Government further reserves the right to oppose, when consistent with this plea agreement, any arguments the defendant might advance on direct appeal or in post-conviction proceedings. In particular, the Government remains free to defend the legality and propriety of the defendant's sentence on appeal or collateral attack, even if the Court chooses not to follow any recommendation made by the Government.

12.     **Waiver of Constitutional Rights.** The defendant understands that a guilty plea is a complete and final admission of guilt, that by pleading guilty the defendant waives certain constitutional rights, and that the Court will adjudge the defendant guilty without a trial. In particular, the defendant acknowledges being advised of, understanding, and knowingly and voluntarily waiving (1) the right to plead not guilty and to persist in a plea of not guilty; (2) the right to be presumed innocent until the defendant's guilt has been established beyond a reasonable doubt at trial; (3) the right to a jury trial; (4) the right to be represented by, and receive the effective assistance of, counsel—and if necessary, have the Court appoint counsel—at trial and at every stage of the proceeding; (5) the right to confront and cross-examine adverse witnesses at trial; (6) the right to be protected from compelled self-incrimination; and (7) the

rights to testify, to present evidence, and to compel or subpoena a witness to appear on the defendant's behalf at trial.

13. **Loss of Rights.** The defendant understands that by pleading guilty to a felony offense the defendant will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury. The defendant further understands that during the change of plea hearing, the Court may ask the defendant questions about the offenses underlying the defendant's guilty pleas, and if the defendant answers those questions under oath and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making a false statement.

14. **Waiver of Pre-Trial Motions.** The defendant understands the right to file certain pre-trial motions and knowingly and voluntarily withdraws any pending motions, waives the right to have any pending motions resolved, and waives the right to file any additional pre-trial motions in this case. This waiver includes, but is not limited to, any motions based on the statute of limitations, the Speedy Trial Act, or any grounds enumerated in Federal Rule of Criminal Procedure 12(b)(3).

15. **Waiver of Appellate and Post-Conviction Rights.** The defendant understands and acknowledges the right to directly appeal the conviction or sentence in this case and any right to challenge the conviction or sentence collaterally through post-conviction proceedings, including through proceedings under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and *corum nobis*. In exchange for the concessions made by the Government in this plea agreement, the defendant knowingly and voluntarily waives all rights to directly appeal or collaterally attack the conviction or sentence on any non-jurisdictional ground except (1) ineffective assistance of

counsel, (2) prosecutorial misconduct, or (3) a sentence greater than the statutory maximum. These are the only non-jurisdictional grounds for direct appeal or collateral attack not waived by this plea agreement.

The grounds for direct appeal or collateral attack that are waived include, but are not limited to, the following: sentencing errors such as a misapplication of the United States Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence; any restitution or forfeiture order; any challenge to the constitutionality of the statute or statutes to which the defendant is pleading guilty or under which the defendant is sentenced; any argument that the defendant's admitted conduct does not fall within the scope of the statute or statutes to which the defendant is pleading guilty; any argument that the defendant's plea was not voluntary; and any argument that the defendant's constitutional rights were violated, other than due to ineffective assistance of counsel or prosecutorial misconduct.

If, however, the Government exercises its right to appeal the sentence imposed under 18 U.S.C. § 3742(b), the defendant is released in part from this waiver and may cross-appeal the sentence imposed as allowed under 18 U.S.C. § 3742(a) with respect to any issues that have not been agreed upon in this agreement.

The defendant acknowledges discussing this appeal waiver with counsel and understanding its terms. The defendant waives any explanation of the terms of this waiver under Federal Rule of Criminal Procedure 11(b)(1)(N).

**16.** **Waiver of FOIA Request.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974.

17. **Defendant's Breach of Plea Agreement.** If the Court determines the defendant committed any crime or violated any condition of release between the signing of this agreement and the date of sentencing; failed to appear for sentencing; provided intentionally misleading, incomplete, or untruthful information to the Government, the United States Probation Office or the Court; or otherwise breached any term of this plea agreement, the Government will be released from its obligations under this agreement and will retain the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant, however, will remain bound by the terms of this agreement, and will not be allowed to withdraw the guilty pleas entered pursuant to this agreement. The defendant likewise will waive the right to challenge the initiation of the dismissed or additional charges following a finding of breach, including by asserting a statute of limitations defense.

18. **Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges being satisfied with the assistance of counsel and that counsel has fully advised the defendant of the rights and obligations arising from this agreement. The defendant further acknowledges that no threats or promises, other than the terms and conditions of this agreement, have been made by the Government, the Court, the defendant's counsel, or any other person to induce the defendant to enter a plea of guilty.

19. **No Undisclosed Terms.** The parties agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties and that any purported term or condition not expressly set forth in this agreement, or an in camera supplement, is not enforceable.

R. MATTHEW PRICE
United States Attorney

Dated: 1/15/2026

_____
Stephanie L. Wan
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment and superseding information. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 1/7/2026

_____
John M. Miller
Defendant

I am defendant John M. Miller's attorney. I have fully explained to my client his rights with respect to the offenses charged in the indictment and superseding information. Further, I have reviewed with my client the provisions of the United States Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, John M. Miller's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 1/7/2026

_____
Michael S. Oliver
Attorney for Defendant